## WHEELER v. PALMER.[*]

### CRIMINAL LAW; EXTRADITION; INDICTMENT.

1. The indictment on which an extradition proceeding is founded is not to be judged by any technical standard, and is sufficient if it shows that the fugitive has been, however inartificially, charged with a crime against the laws of the State from which he has fled. (Citing *Lamar* v. *Splain, ante,* 300.)

2. The rule in extradition proceedings is that it is the peculiar province of the court in which the indictment has been returned, to pass upon its sufficiency; and another court will pass upon it only when it is apparent that the indictment does not charge an offense at all.

3. An indictment charging an offense in the language of a statute of the State in which it was returned is sufficient to warrant extradition,

[*] *Indictment—Extradition.*—For cases upon the validity and sufficiency of an indictment for purposes of extradition, see note in 28 L.R.A. 803.

where such an indictment is declared sufficient both by the courts and by a statute of that State.

4. A State has the right to establish the forms of criminal pleading to be observed in her courts; and these must be respected.

No. 2666.   Submitted October 5, 1914.   Decided November 2, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia discharging a writ of habeas corpus sued out by him, and remanding him to the custody of the United States marshal.     · *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Wisewell Wheeler, having been arrested and ordered to be delivered into the custody of the agent of the State of Pennsylvania for removal to that State to answer to an indictment, sued out a writ of habeas corpus, and has appealed from a judgment discharging the writ, and remanding him to the custody of the marshal, Aulick Palmer.

The return to the writ is formal, and sets out the entire proceeding for petitioner's extradition, including a copy of the indictment upon which the warrant of arrest was based.

This indictment charges that defendant and two other persons named therein, at a time and place stated, "unlawfully did falsely and maliciously conspire and agree together to cheat and defraud one Richard McCormick of his goods, moneys, chattels and other property, to do, to the prejudice of the said Richard McCormick, and with intent to defraud."

The return was demurred to on the ground that the indictment did not legally charge a crime against the State of Pennsylvania.

*Mr. Joseph B. Stein,* for the appellant:

1. In habeas corpus proceedings a judge or tribunal may go behind the executive warrant, and examine into the sufficiency of the indictment or complaint upon which the requisition is

based and warrant issued; and, in case the indictment does not legally charge a crime, or is fatally defective, discharge the prisoner. *Re Waterman,* 29 Nev. 288; *Re Terrell,* 51 Fed. 213; *People* v. *Brady,* 56 N. Y. 182; *Jones* v. *Leonard,* 50 Iowa, 106; *Re Mohr,* 73 Ala. 503; *People* v. *Hyatt,* 172 N. Y. 176; *People* v. *Donohue,* 84 N. Y. 438; *Hyatt* v. *People,* 188 U. S. 691; *Roberts* v. *Reilly,* 116 U. S. 80; *Tinsley* v. *Treat,* 205 U. S. 20; *Com.* v. *Frey,* 50 Pa. 246; *State* v. *Parker,* 43 N. H. 83; *State* v. *Mayberry,* 48 Me. 218; *State* v. *Roberts,* 34 Me. 320, 16 Ind. 512; *Alderman* v. *People,* 4 Mich. 414; *State* v. *Froker,* 148 Mo. 143; 19 Cyc. 422.

*Mr. Clarence R. Wilson,* United States District Attorney, for the appellee:

1. The copy indictment substantially charges defendant with having committed a crime, and it therefore meets the requirements of sec. 5278, Rev. Stat. Comp. Stat. 1913, § 10126. *Pierce* v. *Creecy,* 210 U. S. 387, 402; *Strassheim* v. *Daily,* 221 U. S. 280, 282.

2. The indictment herein not only meets the requirements of sec. 5278, Rev. Stat., but is good under the Pennsylvania law. *Com.* v. *Hadley,* 13 Pa. Co. Ct. 189; *Ex parte Reggel,* 114 U. S. 642.

*Mr.* Chief Justice SHEPARD delivered the opinion of the Court:

The court did not err in overruling the demurrer.

In an extradition proceeding the indictment on which it is founded is not to be judged by any technical standard, and it is sufficient if it shows that the fugitive has been, however inartificially, charged with a crime against the laws of the State from which he has fled. *Pierce* v. *Creecy,* 210 U. S. 387, 402, 52 L. ed. 1113, 1120, 28 Sup. Ct. Rep. 714; *Strassheim* v. *Daily,* 221 U. S. 280, 282, 55 L. ed. 735, 737, 31 Sup. Ct. Rep. 558; *Lamar* v. *Splain,* ante, 300, 304.

The rule in this class of cases is that it is the peculiar province of the court in which the indictment has been returned, to pass upon its sufficiency; and it is only in cases when it is apparent that the indictment does not charge an offense at all, that another court will pass upon it.

The indictment charges the offense in the language of the Pennsylvania statute, and it has been held in that State that an indictment is sufficient if it follows the language of the statute. *Com.* v. *McKisson,* 8 Serg. & R. 420, 422, 11 Am. Dec. 630; *Com.* v. *Hadley,* 13 Pa. Co. Ct. 188.

Moreover, the statute of the State of Pennsylvania so provides. Sec. 11, chap. 375, Statutes of 1860, first Purdon's Digest, 13th ed. page 1029, reads as follows:

"Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offense charged may be easily understood by the jury."

The State of Pennsylvania has the right to establish the forms of criminal pleading to be observed in her courts, and these must be respected. *Ex parte Reggel,* 114 U. S. 642, 651, 29 L. ed. 250, 253, 5 Sup. Ct. Rep. 1148, 5 Am. Crim. Rep. 218.

There was no error in the judgment, and it is affirmed with costs.                              *Affirmed.*